IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL RAYVON FOWLKES, )
)
Petitioner, )
)
v. )                1:25-cv-472
)
LESLIE COOLEY DISMUKES, )
)
Respondent. )

## **ORDER**

This matter is before the Court following the United State Magistrate Judge's Order and Recommendation ("Recommendation") to grant summary judgment under Federal Rule of Civil Procedure 56 in favor of Respondent. *See* Dkt. 16. The Magistrate Judge filed the Recommendation on April 13, 2026. *See id.* The Clerk's office served notice on the parties, *see* Dkt. 17, and the petitioner, Mr. Fowlkes, filed an objection to the Recommendation on April 23, 2026, *see* Dkt. 18, within the fourteen days allotted by statute, *see* 28 U.S.C. § 636(b)(1)(C). The Court reviews the portions of the Recommendation to which Mr. Fowlkes objects without deference to the Magistrate Judge's determinations. *See* Dkt. 18; 28 U.S.C. § 636(b)(1)(C). For the portions to which Mr. Fowlkes does not object, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory comm.'s note to 1983 amendment). Having reviewed Mr. Fowlkes' objection to the

Recommendation, the Court **OVERRULES** Mr. Fowlkes' objection and **ADOPTS** the Magistrate Judge's Recommendation.

As relevant here, Mr. Fowlkes seeks federal post-conviction relief from his state-court conviction arguing, *inter alia*, that his counsel was constitutionally deficient because the lawyer that represented him during his plea and sentencing was not his court-appointed attorney.[1]  Dkt. 1 at 5; *see also* Dkt. 16 at 2.  Mr. Fowlkes asserts that Joseph Floyd, the lawyer who represented him during the relevant state-court proceedings, "was not his attorney" because another attorney, Caitlyn M. Sanders, was his attorney of record according to the North Carolina state-court system's unofficial eCourts docket.  Dkt. 16 at 3, 5 (internal brackets omitted); Dkt. 18 at 2; *see* Dkt. 1 at 32, 34.  The Magistrate Judge's Recommendation fully considered Mr. Fowlkes' argument for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  *See* Dkt. 16 at 3-4.  The Magistrate Judge recommends that the State's motion for summary judgment be granted because Mr. Fowlkes' "ineffective assistance of counsel argument necessarily fails" under 28 U.S.C. § 2254(d) federal habeas review when "Fowlkes cannot show any deficient

---

[1] Mr. Fowlkes does not object to the Magistrate Judge's Recommendation on Grounds Two through Four beyond a general, conclusory "objection to all of the Findings and Recommendations . . . that are unfavorable to the Petitioner."  *See* Dkt. 18 at 1.  That is not sufficient to raise proper objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (finding that *de novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").  Regardless, the Court finds no error in the Magistrate Judge's analysis of these grounds.

2

performance by Floyd and cannot demonstrate any complete deprivation of his right to counsel by Sanders." *Id.* at 6.

In his filed objections, Mr. Fowlkes does not contest the Magistrate Judge's legal reasoning. *See generally* Dkt. 18. Instead, he argues only that the Magistrate Judge's Recommendation should be overruled because he disputes the state-court factual finding that Floyd was his court-appointed attorney. *See id.* at 2. In doing so, he requests an evidentiary hearing to "provide the full scope of his claims of ineffective assistance of counsel." *Id.* at 2. The Court overrules Mr. Fowlkes' objection and declines to grant an evidentiary hearing because: (1) the Magistrate Judge did not err in finding that Floyd represented Mr. Fowlkes; (2) the evidence Mr. Fowlkes seeks to elicit from an evidentiary hearing would not entitle him to habeas relief based on ineffective assistance of counsel; and (3) any new evidence from an evidentiary hearing cannot be considered by the Court under federal habeas review in any event.

Although Mr. Fowlkes does not directly contest the Magistrate Judge's findings, the Court finds no error—let alone clear error—in her assessment of the factual record from the state-court. *See* Dkt. 16 at 6. Even without giving deference to the state post-conviction relief court's factual findings (to which it is entitled under 28 U.S.C. § 2254(e)(1)), the Magistrate Judge found that the state-court "appropriately found" that "Attorney Joseph Floyd represented" Mr. Fowlkes. *Id.; see also* Dkt. 10-11 at 2. This Court concludes that the Magistrate Judge did not clearly err, or err at all, in that finding. Floyd

functioned as Mr. Fowlkes's counsel and Mr. Fowlkes believed him to be so during the plea and sentencing hearings. Dkt. 1 at 5. There was no official court order removing Floyd as Mr. Fowlkes's attorney of record. Dkt. 10 at 13. The factual discrepancy on which Mr. Fowlkes relies is only reflected in the state's unofficial eCourts docket, Dkt. 1 at 32, 34, which alone is insufficient to create a genuine dispute of material fact, *see* Dkt. 10-19 at 7 ("eCourts Portal is NOT the official court record.").

Similarly, the Court finds that the Magistrate Judge did not clearly err, nor err at all, in her conclusion that Mr. Fowlkes received effective assistance of counsel. Under federal law, it does not matter whether the factual discrepancy in the eCourt system was merely an "error in [the] unofficial record" or something more because the state-court's conclusions were not an unreasonable application of federal law. *See Moore v. Hardee*, 723 F.3d 488, 495 (4th Cir. 2013); Dkt. 16 at 5. It is not "clearly erroneous or contrary to law" for the Magistrate Judge to conclude that a petitioner received effective assistance of counsel despite being represented by an attorney who was not their attorney of record within a state-court system's unofficial eCourts docket. 28 U.S.C. § 636(b)(1)(A); *see also Anderson v. Fizer*, No. 07-cv-1237, 2008 WL 4446620, at *6 (D. Ariz. Sept. 30, 2008) (finding that "the absence of a formal appointment prior to the change of plea hearing" was not ineffective assistance of counsel when attorney was "clearly acting" as petitioner's lawyer "for all intents and purposes"). Even if Floyd requested to be removed as counsel (and there is no evidence that he did), he still performed services with which Mr. Fowlkes

4

conceded that he was satisfied.  Dkt. 10-14 at 2-6, 15.  The *Strickland* analysis focuses on performance.  466 U.S. at 687.  And because Floyd's performance was sufficient when he was acting as Mr. Fowlkes's attorney during his plea hearing, based on the Court's own review, Mr. Fowlkes' ineffective assistance of counsel claim is not a sufficient basis for federal habeas relief.

The Court also declines to grant Mr. Fowlkes an evidentiary hearing.  *See Winston v. Kelly*, 592 F.3d 535, 552 (4th Cir. 2010) ("[F]ederal evidentiary hearings ought to be the exception, not the rule." (internal quotation marks omitted)).  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Even assuming the truth of the facts that Mr. Fowlkes seeks to prove at the evidentiary hearing, because he cannot prove the "unreasonable application of[] clearly established Federal law" in *Strickland*, as explained above, he is not entitled to an evidentiary hearing.  *Id.* at 473, 481; 28 U.S.C. § 2254(d)(1); *see also Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) ("[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" (citing *Schriro,* 550 U.S. at 474)).

Additionally, the Court may not consider evidence elicited during such a hearing when considering Mr. Fowlkes's petition, so an evidentiary hearing would not benefit

5

him.  *See Pinholster*, 563 U.S. at 180-81 (denying to consider evidence presented to the federal habeas court for a petitioner's ineffective assistance of counsel claim).  Federal review pursuant to 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id.* at 181; *see also Wolfe v. Johnson*, 565 F.3d 140, 168 (4th Cir. 2009).  Because Mr. Fowlkes already presented his argument "that the attorney who handled his plea was not his attorney of record" to the state post-conviction relief court, Dkt. 10-11 at 2, and that court ruled on that issue, concluding that his claim "presents only legal issues and can be resolved without an evidentiary hearing," *id.*, the record that was before that court is the extent of the record that can be considered by this Court for the same claim, *see Pinholster*, 563 U.S. at 181.  Thus, the Court declines to grant Mr. Fowlkes' request.

Mr. Fowlkes' objection to the Recommendation is accordingly **OVERRULED**.  **IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, Dkt. 16, is **ADOPTED** and Respondent's motion for summary judgment is **GRANTED**.  **IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

The Court further finds that there is no substantial showing of the denial of a constitutional right affecting the conviction nor a debatable procedural ruling.  Accordingly, a certificate of appealability is not issued.

A Judgment dismissing the action will be entered contemporaneously with this Order.

This the 30th day of June, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

7